# IN THE UNITED STATES DISTRICT COURT
# FOR MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WILLIAM "WILLIE" OWEN DOWNS, WILLIE DOWNS LIVESTOCK, and WILLIE DOWNS LIVESTOCK, INC, <br><br>    Plaintiffs, <br><br>v. <br><br>BERT SMITH, IV and ROWDY LIVESTOCK, LLC, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiff, William "Willie" Owen Downs, Willie Downs Livestock, and Willie Downs Livestock, Inc. (hereinafter "Willie Downs"), for its Complaint against Defendants, Rowdy Livestock, LLC and Bert Smith, IV, (Rowdy Defendants) states as follows:

## THE PARTIES

1.     William "Willie" Owen Downs is a Kentucky resident residing in Bardstown, Kentucky.

2.     Willie Downs Livestock is an unincorporated business in Kentucky.

3.     Willie Downs Livestock, Inc. is a Kentucky Corporation organized under the laws of Kentucky.

4.     Defendant, Rowdy Livestock, LLC (hereinafter "Rowdy"), is a limited liability company organized under the laws of the State of Tennessee with its principal place of business located at 2792 Gold Road, Lewisburg, Tennessee 37091. The Registered Agent for service of process on Rowdy is Bert Smith, IV, 2792 Gold Road, Lewisburg, Tennessee 37091.

5.     Defendant, Bert Smith, IV, is, on information and belief, an individual residing in the State of Tennessee. Mr. Smith may be served with process at 2792 Gold Road, Lewisburg, Tennessee 37091.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiffs and Defendants respectively are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue in this district is proper because it is the judicial district in which one or more of the defendants resides—Rowdy Defendants reside in Lewisburg, Tennessee. *See* 28 U.S.C. § 1391(a).

## FACTS

8. Beginning in the fall of 2020, Willie Downs purchased cattle from Washington Co. Livestock Center, Inc., Springfield, Kentucky on several dates for Rowdy Defendants. (see Exhibit 1)

9. On January 25, 2021 Rowdy Defendants purchased 21 head of cattle off Willie Downs personal farm. Exhibit 2.

10. Willie Downs regularly engaged in the livestock marketing business.

11. All head of cattle purchased by Willie Downs were delivered to Rowdy Defendants.

12. To pay for some of the cattle, on in early November 2020, Rowdy Livestock, LLC issued a check (hereinafter "Check No. 3555") to Downs Livestock, Inc. for cattle Willie Downs had purchased in the amount of $164,646.89.

13. On or about November 5, 2020, Check No. 3555 was dishonored by the Bank of America due to insufficient funds and the check returned to Town County Bank and Trust Co, in Bardstown, Kentucky. A true and correct copy the letter from Town County Bank and Trust Co. notifying Willie Downs that the check had been returned due to "Insufficient funds" is attached hereto as **Exhibit 3**.

14. The check for $164,646.89 was never paid.

15. To pay for some of the cattle, on November 21, 2020, Rowdy Livestock, LLC

Case 1:23-cv-00073   Document 1   Filed 10/25/23   Page 2 of 12 PageID #: 2

2

issued a check (hereinafter "Check No. 3647") to Downs Livestock, Inc. for cattle Willie Downs had purchased in the amount of $190,544.22.

16. On November 27, 2020, Check No. 3697 was dishonored by the Bank of America due to insufficient funds and the check returned to Town County Bank and Trust Co, in Bardstown, Kentucky. A true and correct copy of Check No. 3697 marked "Not Sufficient Funds" and the accompanying letter from Town County Bank and Trust Co. notifying Willie Downs that the check had been returned due to "Insufficient funds" is attached hereto as **Exhibit 4.**

17. Check No. 3647 was never paid.

18. To pay for some of the cattle, on December 7, 2020 Rowdy Livestock, LLC issued a check (hereinafter "Check No. 3697") to Downs Livestock, Inc. for 415 heard of cattle in the amount of $416,320.18.

19. On or about December 28, 2020, Check No. 3697 was dishonored by the Bank of America due to insufficient funds and the check returned to Town County Bank and Trust Co, in Bardstown, Kentucky. A true and correct copy of Check No. 3697 marked "Not Sufficient Funds" and the accompanying letter from Town County Bank and Trust Co. to Willie Downs is attached hereto as **Exhibit 5**.

20. Check No. 3697 was never paid.

21. To pay for some of the cattle, in late December 2020 or January 2021, Rowdy Livestock, LLC issued a check to Downs Livestock, Inc. for in the amount of $70,240.02.

22. On January 4, 2021 (typographical error dates check as "2020"), Town County Bank and Trust Co, in Bardstown, Kentucky put an "exception hold" on the check because "the check may not be paid." A true and correct copy of the letter from Town County Bank and Trust Co. to Willie Downs is attached hereto as **Exhibit 6**.

23. The check for $70,240.20 was never paid.

24. To pay for some of the cattle, in late December 2020 or January 2021, Rowdy Livestock, LLC issued a check (Check No. 3759) to Downs Livestock, Inc. for in the amount of $68,143.52.

25. On January 4, 2021 (typographical error dates check as "2020", Town County Bank and Trust Co, in Bardstown, Kentucky put an "exception hold" on the check because "the check may not be paid." A true and correct copy of the letter from Town County Bank and Trust Co. to Willie Downs is attached hereto as **Exhibit 7**.

26. The check for $68,143.52 was never paid.

27. To pay for 292 head of cattle, Rowdy Livestock, LLC issued a check (hereinafter "Check No. 3760") to Downs Livestock, Inc. for some of the cattle in the amount of $277,936.46.

28. On January 8, 2021, Check No. 3760 was dishonored by the Bank of America due to insufficient funds and the check returned to Town County Bank and Trust Co, in Bardstown, Kentucky. A true and correct copy of Check No. 3760 marked "Not Sufficient Funds" and the accompanying letter from Town County Bank and Trust Co. to Willie Downs is attached hereto as **Exhibit 8**.

29. The check for $277,936.46 was never paid.

30. To pay for some of the cattle, Rowdy Livestock, LLC issued a check (hereinafter "Check No. 3784") to Downs Livestock, Inc. for some of cattle in the amount of $173,233.42.

31. On January 11, 2021, Town County Bank and Trust Co, in Bardstown, Kentucky put an "exception hold" on the check because "the check may not be paid." A true and correct copy of Check No. 3760 and a copy of the letter from Town County Bank and Trust Co. to Willie Downs is attached hereto as **Exhibit 9**.

32. The check for $173,233.42 was never paid.

33. To pay for some of the cattle, Rowdy Livestock, LLC issued a check (hereinafter "Check No. 3790") to Downs Livestock, Inc. for some of cattle in the amount of $71,660.42.

34. On January 11, 2021, Town County Bank and Trust Co, in Bardstown, Kentucky put an "exception hold" on the check because "the check may not be paid." A true and correct of the letter from Town County Bank and Trust Co. to Willie Downs is attached hereto as **Exhibit 10**.

35. The check for $71,660.42 was never paid.

36. To pay for 67 head of cattle, Rowdy Livestock, LLC issued a check (hereinafter "Check No. 3806") to Downs Livestock, Inc. in the amount of $63,487.68.

37. On January 26, 2021, Check No. 3806 was dishonored by the Bank of America due to insufficient funds and the check returned to Town County Bank and Trust Co, in Bardstown, Kentucky. A true and correct copy the letter from Town County Bank and Trust Co. to Willie Downs stating the check was returned for insufficient funds is attached hereto as **Exhibit 11.**

38. The check for $63,487.68 was never paid.

39. To pay for 218 head of the cattle, Rowdy Livestock, LLC issued a check (hereinafter "Check No. 3807") to Downs Livestock, Inc. in the amount of $204,859.81.

40. On January 19, 2021, Town County Bank and Trust Co, in Bardstown, Kentucky put an "exception hold" on the check because "the check may not be paid." A true and correct of the letter from Town County Bank and Trust Co. to Willie Downs is attached hereto as **Exhibit 12**.

41. The check for $204,859.81 was never paid.

42. To pay for the 21 head of cattle purchased directly from Willie Downs, Rowdy Livestock, LLC issued a check (hereinafter "Check No. 4117") to Downs Livestock, Inc. in the amount of $20,412.00. Check No. 4117 is attached hereto as Exhibit 13.

43. Check No. 4117 was dishonored and never paid.

44. During this same time period, Rowdy Defendants made two ACH payments to

Willie Downs that were later dishonored. The payments were for $69,329.39 and $125,393.62 totaling $194,723.01.

45. The dishonored ACH payments were never paid.

46. On March 11, 2021, Bert Smith IV signed a "secured promissory note" payable to Willie Downs Livestock or Down Livestock, Inc. for $413,750.00 and attaching as Exhibit A a list of 1655 cattle at the Cheyanne Feed Yark LLC. Said Promissory note and Ex. A are attached as Exhibit 14.

47. The March 11, 2021 promissory note has not been paid.

48. Also on March 11, 2021, Bert Smith IV signed a second "secured promissory note" payable to Willie Downs Livestock or Down Livestock, Inc. for $648,150.00.00 and attaching as Exhibit A a list of 2160.5 head of cattle at Herb Albers Feedlots, Inc. as security. Said Promissory note and Ex. A are attached as Exhibit 15.

49. The second March 11, 2021 promissory note has not been paid.

50. On March 27, 2021 Bert Smith IV signed a "secured promissory note" payable to Willie Downs Livestock or Down Livestock, Inc. for $346,506.00 and attaching as Exhibit A the same list of 2160.5 head of cattle at Herb Albers Feedlots, Inc. as security. Said Promissory note and Ex. A are attached as Exhibit 16.

51. The March 27, 2021 secured promissory note has not been paid.

52. Also on March 27, 2021 Bert Smith IV signed a second "secured promissory note" payable to Willie Downs Livestock or Down Livestock, Inc. for $312,282088 and attaching as Exhibit A the same list of 2160.5 head of cattle at Herb Albers Feedlots, Inc. as security. Said Promissory note and Ex. A are attached as Exhibit 17.

53. The second March 27, 2021 secured promissory note has not been paid.

## COUNT I
## COLLECTION ON BAD CHECKS PURSUANT TO TENN. CODE ANN. § 47-29-101

54. Willie Downs adopts and incorporates the preceding paragraphs of this Complaint as if separately restated herein.

55. Rowdy Livestock, LLC issued 10 checks to Willie Downs to pay for the cattle that Willie Downs has purchased for him.

56. None of the checks were honored by Rowdy Livestock LLC's bank.

57. At the time he issued the checks to Willie Downs, Rowdy Defendants knew or should have known that his account lacked sufficient funds to honor the face amounts of the check.

58. Rowdy Defendants, acting with fraudulent intent, allowed the checks to be dishonored by his financial institution as a result of insufficient funds.

59. Accordingly, pursuant to Tenn. Code Ann. § 47-29-101, Willie Downs is entitled to recover (1) the face amount of the checks dishonored; (2) interest at the rate of ten percent (10%) per annum on the face amounts or the remaining unpaid balance of the checks from the date of its execution until payment is made in full; (3) service charges incurred by Willie Downs in attempting to obtain payment from the bank; (4) court costs incurred by Willie Downs in bringing this action; and (5) the reasonable attorney's fees incurred by Willie Downs.

60. Alternatively, Kentucky Revised Statutes Title L. Kentucky Penal Code § 514.040." states that a person is guilty of "Theft by deception" "when the person obtains property or services of another by deception with intent to deprive the person thereof. A person deceives when the person intentionally: . . . (e) Issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee."

61. Kentucky Revised Statutes Title L, Section 446.070 – states that "A person

injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

## COUNT II
## CONVERSION

62. Willie Downs adopts and incorporates the preceding paragraphs of this Complaint as if separately restated herein.

63. Willie Downs purchased cattle for Rowdy Defendants.

64. Willie Downs delivered all cattle alive to Rowdy Defendants.

65. Rowdy Defendants "paid" for the cattle with checks and ACHs which were dishonored by Rowdy Defendants bank.

66. As stated above, Rowdy Defendants lacked sufficient funds to make the payments for the cattle.

67. Nevertheless, Rowdy Defendants failed to return the cattle to Willie Downs or pay the amounts owed for said cattle.

68. Rowdy Defendants misappropriated the cattle for their own use and benefit.

69. Rowdy Defendants have intentionally exercised dominion and control over the cattle without making payment therefor.

70. Rowdy Defendants have retained or otherwise disposed of the cattle in defiance to Willie Downs' rights to cattle.

71. Rowdy Defendants are liable to Willie Downs for conversion and all damages arising therefrom.

## COUNT III
## BREACH OF CONTRACT
## (Dishonored checks and ACH)

72. Willie Downs adopts and incorporates the preceding paragraphs of this Complaint as if separately restated herein.

73. As set forth above, Rowdy Defendants' gave checks totaling $1,701,042.80 and ACHs totaling $194,723.01 to pay for the cattle that Willie Downs purchased and delivered to Rowdy Defendants in the fall of 2020 and January 2021. Despite Rowdy Defendants' agreement to pay, Rowdy Defendants failed to pay the amounts on the checks and ACH to Willie Downs.

74. Willie Downs has incurred damages as a result of Rowdy Defendants' agreement to pay for the cattle and then failure to pay for the cattle.

75. Willie Downs is entitled to recover compensatory and consequential damages as a result of Rowdy Defendants' breach of his agreement to purchase the cattle.

76. Willie Downs is also entitled to recover punitive damages as a result of Rowdy Defendants' intentional, fraudulent, malicious and/or reckless breach of his agreement for Willie to purchase the cattle and, although the cattle were delivered to Rowdy Defendants, for Rowdy Defendants to pay for the cattle.

### COUNT IV
### BREACH OF CONTRACT
### (Secured Promissory Notes)

77. Willie Downs adopts and incorporates the preceding paragraphs of this Complaint as if separately restated herein.

78. As set forth above, Rowdy Defendants signed four (4) "secured promissory notes" totaling $1,720,688.88 to secure the money Rowdy Defendants' owed to Willie Downs for the cattle Willie Downs purchased for Rowdy Defendants and delivered to Rowdy Defendants.

79. Despite these four (4) written agreements, Rowdy Defendants have failed to pay the amounts due on each "secured promissory note" to Willie Davis

or deliver the security (the heads of cattle) to Willie Downs.

80. Willie Downs has incurred damages as a result of Rowdy Defendants' failure to comply with the terms of these agreements.

81. Willie Downs is entitled to recover compensatory and consequential damages as a result of Rowdy Defendants' breach of these agreements made to secure the money owned to Willie Downs for the purchase and delivery of cattle to Rowdy Defendants.

82. Willie Downs is also entitled to recover punitive damages as a result of Rowdy Defendants' intentional, fraudulent, malicious and/or reckless breach of these four (4) "secured promissory notes".

## COUNT V
## FRAUDULENT AND/OR NEGLIGENT MISREPRESENTATION

83. Willie Downs adopts and incorporates the preceding paragraphs of this Complaint as if separately restated herein.

84. Rowdy Defendants intentionally and/or negligently made false representations with respect to their intent to purchase the cattle.

85. Willie Downs relied on the representations and omissions of Rowdy Defendants to its detriment.

86. Willie Downs has been damaged by its reliance upon the misrepresentations and omissions by Rowdy Defendants and it is entitled to recover therefor.

87. Willie Downs is further entitled to recover punitive damages as a result of the intentional misrepresentations of Rowdy Defendants.

## COUNT VI
## UNJUST ENRICHMENT

88. Willie Downs adopts and incorporates the preceding paragraphs of this

Complaint as if separately restated herein.

89. As stated above, Willie Downs avers that an enforceable agreement exists between the parties. However, pleading in the alternative, Willie Downs states that Rowdy Defendants have been unjustly enriched and equity prevents them from retaining the benefits conferred by Willie Downs

90. Specifically, Willie Downs conferred certain benefits upon the Rowdy Defendants, including but not limited providing the cattle that Willie had purchased to Rowdy Defendants.

91. Rowdy Defendants appreciated from the benefits conferred upon them by Willie Downs and took possession of the cattle, sold the cattle but failed to pay the value of the cattle.

92. Rowdy Defendants have been unjustly enriched and it is inequitable for them to retain the benefits conferred by Willie Downs without payment of the value thereof.

**WHEREFORE, WILLIE DOWNS PRAYS FOR RELIEF AS FOLLOWS:**

a) For an Order awarding damages to Willie Downs as a result of Rowdy Defendants' violation of Tenn. Code Ann. § 47-29-101, including: (1) the face amount of the checks and ACH dishonored; (2) interest at the rate of ten percent (10%) per annum on the face amounts or the remaining unpaid balance of the checks from the date of its execution until payment is made in full; (3) service charges incurred by Willie Downs in attempting to obtain payment from the bank; (4) court costs incurred by Willie Downs in bringing this action; and (5) the reasonable attorney's fees incurred by Willie Downs;

b) For an Order awarding damages to Willie Downs as a result of the conversion of the cattle by Rowdy Defendants;

c) For an award of compensatory, consequential, incidental damages, and punitive

damages as a result of Rowdy Defendants' breach of his agreement to purchase the cattle;

d) For an award of compensatory, consequential, incidental damages, and punitive damages as a result of Rowdy Defendants' breach of his secured promissory note securing the money owned for the cattle Willie Downs purchased for Rowdy Defendants;

e) For an Order awarding damages, including punitive damages, as a result of the fraudulent and/or negligent misrepresentations by Rowdy Defendants;

f) For an Order finding that Rowdy Defendants have been unjustly enriched by their retention of the cattle despite their failure to pay ANYTHING for the cattle;

g) For interest, both pre-judgment and post-judgment; and

h) For such other further and general relief to which Willie Downs is entitled.

Respectfully submitted the 25th day of October 2023.

By: _/s/ John B. Nisbet III_

John B. Nisbet III    BPR #13364
P.O. Box 266
Cookeville, TN 38503
931.267.6203
nisbetcle@gmail.com

Counsel for Plaintiffs Willie Downs