IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM "WILLIE" OWEN DOWNS, WILLIE DOWNS LIVESTOCK, and WILLIE DOWNS LIVESTOCK, INC., </br></br>Plaintiff, </br></br>v. </br></br>BERT SMITH IV and ROWDY LIVESTOCK, LLC, </br></br>Defendants. | NO. 1:23-cv-00073 </br></br>JUDGE CAMPBELL </br>MAGISTRATE JUDGE HOLMES |

## MEMORANDUM

Pending before the Court is a motion to dismiss filed by Defendants Bert Smith IV and Rowdy Livestock, LLC (Doc. No. 19), Plaintiffs' response (Doc. No. 25), and Defendants' reply (Doc. No. 31). For the reasons stated herein, the motion to dismiss will be **GRANTED** in part, and **DENIED** in part.

### I. BACKGROUND

Plaintiffs William "Willie" Owen Downs and Willie Downs Livestock, Inc. allege Defendants Bert Smith IV and Rowdy Livestock, LLC did not pay for or return cattle they purchased from Plaintiffs. Plaintiffs bring claims for "collection on bad checks" pursuant to Tennessee and Kentucky statutes (Count I), conversion (Count II), breach of contract based on dishonored checks and ACH transfers (Count III), breach of contract based on failure to pay secured promissory notes (Count IV), fraudulent and/or negligent misrepresentation (Count V), and unjust enrichment (Count VI). (Compl., Doc. No. 1).

Defendants argue that the transactions at issue were between the two corporations – Willie Downs Livestock, Inc. and Rowdy Livestock LLC – and that the other parties – Plaintiffs Willie Downs and Willie Downs Livestock and Defendant Bert Smith IV – should be dismissed. Defendants also seek dismissal of the claims for "collection on back checks" (Count I), conversion (Count II), breach of contract for failure to pay promissory notes (Count IV), and fraud (Count V). Finally, Defendants argue Plaintiffs do not state a claim for punitive damages.

In response to the motion to dismiss, Plaintiffs concede that Willie Downs Livestock should be dismissed as a plaintiff and that the motion to dismiss Count IV should be dismissed without prejudice. Plaintiff opposes Defendants' motion to dismiss claims against Bert Smith IV and Counts I, II, and V.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012). In considering a

Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. ANALYSIS

**A. Claims Against Bert Smith IV**

Defendants seek dismissal of the claims against Bert Smith IV on grounds that he is not personally liable for claims against Rowdy Livestock, LLC, a limited liability company. Defendants argue that none of the checks at issue were from Bert Smith IV and the promissory notes were made by the LLC as the borrower and signed by Bert Smith IV in his capacity as owner/manager of the LLC.

Plaintiffs respond that Mr. Smith is a proper party because he is the alter ego of Rowdy Livestock, LLC.[1] In support, Plaintiffs point to filings with the Tennessee Secretary of State that indicate that Rowdy Livestock, LLC has a single member – Bert Smith IV – and to the promissory notes that identify Mr. Smith as the owner/manager of the LLC. Finally, Plaintiffs submit that other courts have found that Mr. Smith is the alter ego of Rowdy Livestock, LLC, and that Rowdy Livestock, LLC, and Bert Smith IV are currently facing other lawsuits involving similar conduct.

---

[1] Plaintiffs filed several documents with the response to the motion to dismiss, including Rowdy Livestock, LLC's filing statement from the Tennessee Secretary of State (Doc. No. 25-3), and two decisions and orders issued by administrative law judges in proceedings before the United States Department of Agriculture in 1990 and 2002 (Doc. Nos. 25-1, 25-2). Defendants' argument that the Court cannot consider these additional documents without treating the motion as a motion for summary judgment is mistaken. On a motion to dismiss the Court may rely on public records. *See Bassett*, 528 F.3d at 430. These public records, however, have little bearing on the issue of whether Plaintiffs have sufficiently alleged that Bert Smith IV is liable under an alter ego theory.

As a general rule owners and other agents of a Tennessee limited liability company have no personal liability for the debts or obligations of the company. *See Edmunds v. Delta Partners, LLC*, 403 S.W.3d 812, 828 (Tenn. Ct. App. 2012) (citing Tenn. Code Ann. §§ 48-217-101(a)(1), 48-249-114(a)(1)(B)). This limitation on liability may be disregarded "upon a showing that it is a sham or a dummy or where necessary to accomplish justice." *Id*. at 828-29 (citing *Starnes Family Office, LLC v. McCullar*, 765 F.Supp.2d 1036, 1049 (W.D. Tenn. 2011) (explaining that "despite the inapplicability of the remedy's name," "piercing the corporate veil" may apply to a Tennessee limited liability company using the same standards as applicable to a corporation). However, courts in Tennessee are cautioned that the doctrine of piercing the corporate veil should be applied only in "extreme circumstances to prevent the use of a corporate entity to defraud or perform illegal acts." *Id*. at 829 (citing *Pamperin v. Streamline Mfg., Inc.*, 276 S.W.3d 428, 437 (Tenn. Ct. App. 2008)). To "pierce the veil" and hold the individual owner of a company liable for the debts of the company under an alter ego theory, requires a showing that:

> 1) The parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence of its own.
>
> 2) Such control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of third parties' rights.
>
> 3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id*. (quoting *Continental Bankers Life Ins. Co. of the South v. The Bank of Alamo*, 578 S.W.2d 625 (Tenn. 1979)).

The allegations in the Complaint specific to Bert Smith IV are that he is the registered agent for service of process for Rowdy Livestock, LLC, and that he signed four promissory notes on

behalf of the LLC. (Compl., Doc. No. 1 ¶¶ 4, 46, 48, 50, 52). Some of the exhibits to the Complaint include checks that appear to have been signed by Bert Smith IV on behalf of Rowdy Livestock, LLC. (*See* Doc. Nos. 1-4, 1-5, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13). And public records show that Bert Smith IV is the LLC's sole member. (Doc. No. 25-3). Without more, these factual allegations are insufficient to state a claim that Bert Smith IV is the alter ego of Rowdy Livestock, LLC. Therefore, the claims against the individual defendant will be dismissed without prejudice.

### B. Collection on Bad Checks (Count I)

Plaintiffs bring a claim for collection on bad checks under Tenn. Code Ann. § 47-29-101 and, in the alternative, under Ky. Rev. Stat. Ann. § 514.040. Defendants argue this claim should be dismissed because Plaintiffs have failed to comply with prerequisites to suit under the Tennessee statute, and that there are no allegations that any of the checks at issue were written or passed in the state of Kentucky.

Plaintiff concedes that the claim under the Tennessee statute should be dismissed. Accordingly, the Tennessee statutory claim in Count I is **DISMISSED**. With regard to the claim under the Kentucky statute, the issue raised by the Defendants is not whether the statute applies as a matter of law, but whether the Complaint sets forth allegations that the checks were presented in Kentucky. The Complaint repeatedly alleges that the checks were issued to Plaintiff Willie Downs Livestock and states that Willie Downs Livestock is based in Kentucky. Taking these allegations as true and drawing all reasonable inferences in favor of the Plaintiffs, the allegations are sufficient to support this claim.

## C. Conversion (Count II)

Plaintiffs' claim for conversion alleges that they purchased cattle for the Defendants, delivered all of the cattle alive to the Defendants, and that Defendants failed to pay for or return the cattle. (Compl., Doc. No. 1 ¶¶ 61-71). Defendant argues that Plaintiffs' conversion claim fails because there is no allegation that "Defendants appropriated Plaintiffs' personal property and exercised dominion over it in defiance of Plaintiffs' ownership rights."

It is not clear whether Defendants contend the claim fails because cattle is not the type of property for which the tort of conversion can lie, because Plaintiffs do not have ownership rights in the cattle, or, more broadly, because commercial transactions cannot give rise to a claim for conversion. When the Court cannot discern the asserted grounds for dismissal, the Defendants have not established that this claim should be dismissed. While the specifics of the timing of ownership of the cattle may call this claim into question upon the completion of discovery, at this juncture, using the applicable standard, Plaintiffs have stated a claim for conversion.

## D. Misrepresentation (Count V)

Defendants argue Plaintiffs failed to plead this claims with the particularity required under Federal Rule of Civil Procedure 9(b). Plaintiffs respond that the Complaint includes sufficient allegations for a misrepresentation claim based on promises to pay where the Defendants never intended to honor those promises. In effect, but without saying as much, Plaintiffs appear to argue that the Complaint states a claim for promissory fraud, as opposed to intentional or negligent representation, which is a recognized cause of action in Tennessee. *Regions Bank v. Bric Contractors, LLC*, 380 S.W.3d 740, 763 (Tenn. Ct. App. 2011). Promissory fraud concerns a misrepresentation that embodies a "promise of future action without the present intent to carry out

6

the promise." *Dog House Investments, LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 916 (Tenn. Ct. App. 2014).

Accepting the allegations as true and giving all reasonable inferences to the Plaintiffs, they have stated a claim for promissory fraud.

**E. Punitive Damages**

Defendants argue that Plaintiffs' "claim for punitive damages" should be dismissed because Plaintiffs have not asserted a plausible claim for fraud. As stated above, Plaintiffs have sufficiently alleged promissory fraud. But even if that were not the case, the availability of damages, punitive or otherwise, cannot be determined at this early stage of the case.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Doc. No. 19) is **GRANTED** as to Defendant Bert Smith IV, the Tennessee statutory claim in Count I, and the claim for breach of contract in Count IV. The Motion is **DENIED** as to the claim for conversion (Count II) and promissory fraud (Count V).

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE